Case number 24-3069. United States of America v. Cesar Gomez Almonte, also known as Johnny Gomez, also known as Julio Luther Gales. Mr. Marines, for the appellant, Mr. Lane, for the appellant. Good morning, counsel. Mr. Marines, please proceed when you're ready. May it please the court, Henry Marines, on behalf of the appellant, Cesar Gomez Almonte. This case presents three serious constitutional failures. First, the denial of Mr. Almonte's Sixth Amendment right to a speedy trial after an 18-month post-indictment delay. Second, a conviction on the improper venue under 18 U.S.C. 3238. And third, the denial of a mistrial despite compelling evidence that jurors shared bias against the defense counsel and began deliberating prematurely. Each error independently requires reversal and collectively denied Mr. Almonte's fundamental right to a fair trial. Proceeding on to what we believe is our strongest argument, Judge, is the venue argument. The government proceeded to try this case in the District of Columbia based on 18 U.S.C. 3238. The venue lies on the district where the defendant is first brought is something that was ignored by the district court. In this particular case, Mr. Almonte had three co-defendants, two co-defendants, and the bulk of the cases had originated from the Southern District of Florida. In fact, there were over 25 other defendants that were tried, indicted and tried, in the Southern District of Florida. Trial counsel focused on the fact that these cases stemmed and originated and made objections to venue based on the fact that substantial acts occurred in Florida, the vessel that was intercepted off the coast of Miami, and co-defendants were all tried in Florida. However, the indictment on which Mr. Almonte was, the charges on which Mr. Almonte was tried were based out of D.C. Now, in the district court's review of the venue argument to establish whether D.C. was correct, the D.C. court was not submitted or was not provided with all the information needed to make a proper analysis of whether the D.C. court was the proper venue. In evaluating the venue, the D.C. court just reviewed and looked at the fact that Mr. Almonte and Mr. Rodriguez were both indicted in the District of Columbia. However, when a motion to dismiss was filed during that hearing, the district court made a determination that venue was proper based just on the fact that the indictment had taken place in the District of Columbia. However, the government omitted the fact that there was a third defendant, and that defendant was, in fact, first brought into the Eastern District of Virginia. The government has conceded that point, but however, at the pretrial stage, they did not inform the court of that issue, and the court made an improper determination based on the facts before it that venue was, in fact, correct in D.C. If the court had been provided with the accurate information and the fact that Mr. Zaria was, in fact, apprehended and brought to the Eastern District of Virginia, and he was a co-defendant that first appeared in that district, that would have made venue in the Eastern District of Virginia the proper venue, not the District Court of Columbia. Furthermore... Do you know what the phrase joint offenders means, how it's been defined? Yes, Your Honor, and there's no actual dispute as to whether or not he was a co-defender because the government has conceded that in their brief, and in fact, in the middle of the trial. With respect to the people in Florida. Well, that argument never – the court didn't address that argument because the argument was that they were going to try him on the 32, section 3238, and therefore, although Florida was a proper and the best venue where this case should have taken place, the vessel was apprehended there, the narcotics were confiscated there. The government decided to take him to D.C. At that point, they relied on 18 U.S.C. to make that the venue, which clearly seemed to be a forum shopping, they decided to bring him to D.C. However, they failed in that attempt because instead of just bringing – following the indictment and having him indicted in D.C. first, they first brought Zari, one of the co-defenders, to the Eastern District of Virginia. At that point, the fallback venue at D.C. no longer applied. But the district court became aware of this and the defendant had an opportunity to make that argument and persisted with the argument that the proper venue was Florida. And then finally, at the very last minute, the district court said, you've been given the opportunity several times and you didn't take it. Well, I think the argument there – the trial attorney did focus on Florida, and that's correct. However, the venue was originally challenged pre-trial under Rule 12. And once the defendant challenges the venue, it is up to the government, the government's burden to establish that it's a proper venue. And establishing whether it was the government's responsibility. The government eventually, in a timely moment, conceded that Virginia was the proper venue. And the district court said to the defendant, I think you might want to raise this, and the defendant didn't. Once the defendant raises the venue, I think the obligation – You're just saying there's a venue claim, that's it, and then that remains enough to encompass all possibilities thereafter? I would argue that the venue was challenged, and once the venue is challenged, the burden is on the prosecution to establish whether that's a proper venue. The district court did not have all the information when they made their analysis. What I'm saying is, as I'm understanding the record, when the government did become aware of the Dulles discussion and realized that Virginia was it, Well, I would say that – The defendant did not want to be in Virginia. The defendant wanted to be in Florida. And the district court said no. That's accurate, but I think the venue still must be established. The burden is still on the government to establish that. Even in the district court level, the judge said it was an unusual situation that he had been placed in, because the issue did not crystallize until the trial, even though it could have been crystallized before. Right, but then it did crystallize, and it was still time for the objection to be acted on, and you resisted it. The defendant resisted it. It wasn't a resistance. It didn't bite. It was a focus on Florida, but that's not a resistance. At that point, either way, it shifts the burden back onto the government to establish it. And at that point, the government is who misled the court. Here's a scenario that comes across in the record. The district court says now, based on all of what I'm seeing, the proper venue is Virginia, to which defendant says, I want to be in Florida. And that colloquy occurred several times. That's a waiver. The district court's making it very clear. Do you want to raise that objection? And the defendant persisted in saying, no, I want to be in Florida. It was eventually brought up, but the idea that venue would even come up at that moment, if venue was properly vetted and the application of 3238 would have taken place at the pre-trial stage, the court would have agreed and granted Mr. Amante's motion to move it to the Eastern District of Virginia at least. But that didn't occur because the court wasn't aware that Zari was brought into the Eastern District of Virginia, neither was the defense. So at that point, overhead was a bunch of redacted documentations that didn't make it clear. When you say that the court and anybody else was unaware that Zari was brought to the Eastern District of Virginia, do you mean that they were unaware that anyone, that the unnamed person was brought to the Eastern District of Virginia, or a person named Zari? Because I thought that actually it was known that the co-defendant was brought to the Eastern District of Virginia, but just didn't know his name. They didn't know his name. There was a co-defendant, but in this case, there were 25 other defendants. And some of them, and all that information was provided to the defense. So all the other 25 defendants that were tried in the Southern District of Florida could have been one of those folks that were brought into the Eastern District of Virginia. It was unknown until the testimony fleshed out the fact. And that was the first time the court was aware of it. And the defense made it clear at that point that they filed. At mid-trial, the court actually removed the waiver because the court at that point readdressed the issue and therefore vacated any possibility of a waiver readdressing the issue of venue. So we would argue that the burden was misplaced and the district court failed in shifting the burden back into the defense when it was the government who failed to provide that information to the district court when they were making the initial analysis as to determining whether Virginia or D.C. was the proper venue. Are you aware of cases where this has happened? I mean, the government knew since before the indictment in this case that Eastern District of Virginia had to be the right venue because they knew about Zari. They knew he was going to be your co-defendant. And they didn't say a word. They just came to D.C. So they knew from, like I said, pre-indictment, they knew. It didn't say a word until things started getting uncovered at mid-trial. Right. But then, as Judge Edwards was saying, when you were invited to argue, the counsel below was invited to argue that EDVA was the right venue, that argument was made. It seemed like he just wanted to be in Florida and didn't care about the venue in EDVA, and venue can be waived. So I'm just trying to figure out what we do with the fact that the government knew from the very outset and so did not fulfill its duty and its burden of proof as to venue from before the trial even started. So every minute of that trial, the government was responsible for it being in the wrong venue, and knowingly so. On the other hand, given the opportunity, you waived it. So your argument is the burden is on them, and their argument is you waived it. And I don't know. By not raising the issue, I'm just trying to sort it out because I haven't seen one that has this kind of fact. I mean, we stick to the case law that we provided, and LAM, CONG, WA, they determined that the burden is on the government to establish venue, that the jury must be aware of that, that the jury was brought to—the burden is on the government to prove every charge and that the venue is proper. They had to establish it, and they conceded that they were wrong. They did, and the issue was whether it was waived. And we argue that it wasn't waived since venue was challenged from the beginning. And since it was consistently challenged, whether it was the Southern District of Florida or was in the Eastern District of Virginia, the venue had been challenged from the onset. So it's not like other cases that were cited that there was no mention or there was a clear waiver here. Venue is being challenged. The defendant is not under the position that they have to establish all the areas where venue is proper. Neither the government concedes that. They also rejected that Florida would be the proper venue because there was other places that the case could be tried. And in their attempts to take the case and forum shop it and bring it to D.C., they also withheld information that would have clearly been instrumental in establishing that D.C. was not the proper venue, in fact, in the Eastern District of Virginia. Yeah, I have seen this in the cases that tell me. So if you have cases that makes this proposition that the defense's only burden is to say venue is not in D.C. And the government has to affirmatively prove that it is proper in D.C. And so whether you were saying Florida or not, you were saying not D.C. And in response to your not D.C., the government conceded not D.C. Yeah. I think at the end of the day. Is that how it works? Or do you just say what is the proper venue? I don't think that the obligation is to determine which is the proper venue, just to challenge venue. And they did challenge venue. I think the burden continuously shifts once you challenge venue back to the government. And the government failed to provide all the information necessary for the court to make a proper determination as to which is the correct venue. Once the court was aware of it, again, venue was challenged. It was mid-trial. At that point, any waiver issue shouldn't take place anymore because now the court reopened the issue. So the waiver argument shouldn't stand. Would that apply? So suppose this happens, that everything proceeds in that way. And then the court just engages in a direct colloquy with defense and says, look, you've been making a lot of arguments so far that the proceedings should have gone on in Florida. Now that we have all this information, we see that actually there's a very good argument that the proceedings should happen in the Eastern District of Virginia, not in D.C. We're all in a courtroom in D.C. So I'm asking you, the defendant, if your choice is between D.C. and EDVA as opposed to D.C. and Florida, let's take Florida off the table. And your choice is between D.C. and EDVA, are you okay with going forward in D.C.? Do you waive the opportunity to go to EDVA? If the defendant says, yeah, if that's my choice, I've got to be, if I have to be between EDVA and D.C., I'm fine with just proceeding in D.C. Would you say at that point that that can't happen? Well, I don't think, I don't know if the option would be to remain in D.C. at any point. I mean, I guess the defense could have waived it and said, we prefer to stay in D.C. I guess the argument of that would have come up. Clearly, the defense was never happy with staying in D.C. And even if that would occur, I think that it would be, there is a scenario, I suppose, that this could be a waiver and they can only say, I'm going to stay in D.C. But that's not the case here. The case here, just from the onset, was being challenged for venue and If that's true, then all I'm saying is that it's still possible to waive even if an objection to venue is made. Even if your understanding is right that all one has to do as a defendant is object to venue to say that this is the wrong venue as opposed to then going on and saying which is the right venue, which I understand your argument to that effect. If once the defendant has done that and flagged the venue issue, it seems like it's still possible to waive an objection to the current venue. I would think that it would still be an improper venue in D.C. The proper venue as written by statute in the Sixth Amendment right to a trial would kick in and it would still be the Eastern District of Virginia. There was cases that were cited where there was a waiver because the defendant never brought it up, even though it was brought to their attention. I think it's not the same scenario as here because they waited until after the trial to make that determination. And here, Amante continuously challenged venue throughout the entire process, even through the trial, and it was admonished for it. The court said not to bring it up anymore. So venue was constantly being challenged, and that's what distinguishes those cases from here. But I think the proper venue, no matter what, should have been the Eastern District of Virginia. Well, theoretically should have been always Florida, Southern District of Florida. But a calculated attempt to form shop and bring it to D.C. failed when they originally first brought Zari to Eastern District of Virginia. And they tried to clean it up by stating that it was a Rule 12 violation and it wasn't brought to the court's attention, although venue was challenged pre-trial. So they met their burden on the Rule 12 again during the trial. And in that hearing, the court dismissed any possible arguments and based it solely on the indictment. Although the government knew all along that Zari was brought into the Eastern District, they didn't mention it during that process and during that hearing. And it wasn't until it became obvious to all parties that during the trial that it resurfaced, that an argument was remade. So I still think that the best thing to do was to vacate. The government clearly misled the court into making a determination. And in their analysis to establish the wrong venue in all their attempts, they never cleared it up. And at the end of the day, they just blamed the defendant and shifted the burden back onto the defendant. Do my colleagues have questions on any of the other issues? We'll give you a little bit of time for rebuttal. Thank you. Thank you, Counselor. Mr. Lange? Good morning, Your Honors, and may it please the Court, Andrew Lange for the United States. The District Court correctly denied Gomez-Almonte's speedy trial clause and venue-related motions, and its inquiry into the jury after learning about a comment about defense counsel was not an abuse of its considerable discretion, and this Court should therefore affirm. I'm, of course, happy to jump straight into the venue issue. Gomez-Almonte makes two arguments about venue on appeal, one of which he has been making throughout the course of this litigation, starting prior to trial, and the other of which he never made until his written Rule 29 motion and now advances on appeal. So starting with the – Do you have any case that says the burden is on the defendant to identify the right venue once they make a venue objection, or they just have to say venue here is wrong? That's sufficient? I don't have a case specifically for that proposition, Your Honor, and I suspect that's because this scenario is somewhat unusual, where there are multiple different districts where a defendant is arguing the case should have been venued, and one of those districts doesn't emerge until later on. Let me ask you another way. Does the government have the obligation to establish proper venue, to bring the case in a proper venue? Well, ultimately, yes, of course. It is the government's burden to prove venue by compliance. In this case, the government knew pre-indictment. It was in the wrong district. The government had all the information, and it knew. And it conceded before the district court. You're right. It doesn't belong here. So it's known it made a deliberate decision, and then it conceded it during trial. And throughout trial, even pre-trial, General Monti was saying venue is wrong here. He was arguing for another place, but I'm just trying to understand why him misunderstanding where it should be matters. Government has a burden. Government knew. Government didn't care. Government concedes. Venue objected to repeatedly. Why isn't that reversible error? Well, I have a number of thoughts on that, Your Honor. The first of which is I think the application of Rule 12 is important here in terms of determining whose burden it is to do what. So the defendant has to raise any defects in the indictment if the basis for raising those defects is reasonably available prior to trial. Sometimes indictments are defective. But the government has a preexisting obligation to establish proper venue. And I don't dispute that. The government knew it wasn't. This is not a case where it was a surprise to the government. Some other external factual development changed things. Why are we pointing at the defendant for not doing things right when the government was wrong from indictment forward and admits it? Why should he bear the burden of that? A number of responses, Your Honor. So first of all, again, I agree as I think we made clear in our brief that venue was proper in the Eastern District of Virginia. My understanding from speaking with the trial team, although, of course, I wasn't in the room during the charging decisions, is that this was an honest mistake. The narcotic and dangerous drug section often brings these kinds of cases in the District of Columbia. And I don't think they appreciated the significance of Zari having been brought to the Eastern District of Virginia. In terms of when the government made this concession, I don't know that the government immediately knew that venue was improper in the District of Columbia. So, for example, at Supplemental Appendix 1275, in response to the district court's request for briefing on this very question, the government reiterated its position that venue was proper in the District of Columbia. So I don't know that I would characterize this as a knowing. The government had all – I mean, this is not the hardest legal question anyone grapples with. And you were arguing about the statutory provision all along just in response to the Florida arguments. But you all were looking at that statutory language and briefing it and talking about it. But also, I mean, the government – I'm not – maybe I'm not suggesting any willfulness or maliciousness here. Of course. But it had all the facts and all the knowledge. It brought Mr. Zari and then said, this is Codefendant 3, this guy we brought into Virginia, and looking at the statutory language. And so you're going, well, you know, we made an honest mistake. Well, maybe he made an honest mistake. But you all made the first one. And you brought the prosecution. You have the burden. And I mean, it's just, A, you had the burden. You made the mistake. Let's just say yours was just as honest as his was. And you conceded we're in the wrong jurisdiction under this statute. You didn't have an argument. It could have been either ADBA or D.C. That's correct. It was wrong. I agree. And so I'm just understanding why – I'm having trouble understanding why, you know, we've got problems on both sides here. And if they're all good-faith problems, why does it fall on the defendant when the government has to do this up front, is the first one that has to do this? Well, I don't think there's very much in Your Honor's question with which I disagree. This was a mistake that the government ultimately bore the burden for because it brought the indictment in the first place. It's responsible for proving venue. But ultimately, here on appeal, we have to view this error through the lens of Rule 12. And we have to consider the fact that not only does Rule 12 apply, but Gomez-Almonte affirmatively waived his argument that venue was proper in the Eastern District of Virginia when he was invited by the district court to make that argument. And as Judge Edwards pointed out, he declined to do so. Instead, he repeated his argument that venue was proper in the Southern District of Florida. And that, as I understand my colleague to have acknowledged, that really was the sole focus of defense counsel before the district court contending that because the conspiracy's goal was importation into Miami because some overt acts may have occurred in the Southern District of Florida because other defendants may have been indicted in Florida. That was the locus delicti. That was the place where the indictment should have been brought for everyone. But as we explain in our brief, that argument is incorrect under Section 3238, and that is the argument on which the defendant was hanging his hat at trial. So, because he affirmatively waived his opportunity to make the argument about the Eastern District of Virginia, and the district court, I think, quite appropriately dealt with that argument by saying, well, it may have merit. There may be something here. I'm just realizing this now. Invited briefing. I think the district court handled this unimpeachably. The parties briefed this issue, and Gomez-Elmonte declined to make this argument. Once the government concedes we're in the wrong courthouse. So, we'll jump ahead to the briefing point. And none of this is a criticism of the district court judge. But once the government concedes we're in the wrong courthouse, why isn't that enough by itself? And the defendant keeps saying it shouldn't be in D.C. It shouldn't be in D.C. The second clause of that sentence is I want it in Florida, but definitely saying it shouldn't be in D.C. He said that from the beginning, from the get-go. Shouldn't be in D.C. Government agrees it shouldn't be in D.C. Why doesn't it all just stop there? Two responses. Let's hear what he briefs. Two responses, Your Honor. First, again, I'm not sure that the government did concede that the case shouldn't be in D.C., again, in its supplemental filing in response to the district court's request for briefing. And, again, I believe that supplemental appendix 1275. The government reiterated that it believed Venue was proper in the District of Columbia. On appeal, of course, we agree that that was based on a misapplication of section 3238. But I don't know that the government immediately or ever before the district court conceded that Venue should have been in the Eastern District of Virginia. I think the argument under the statute is when the first offender is first brought into the country, where they land, where they're arrested and brought, that's all EDVA. I couldn't agree with Your Honor more. That's not the argument that the government made in the district court. The government continued to argue that Venue was proper in the District of Columbia. But I read the statute the same way that Your Honor does. But that having been said, as I mentioned a moment ago, I think there are a number of procedural hurdles here. Even if Gomez-Elmonte hadn't – You know when the government conceded post-trial, do you agree on that? I'm not sure when it would have done that because the argument about the Eastern District of Virginia was only ever actually advanced by the defendant in his written Rule 29 filing, which was filed about a month after trial had concluded in December. And then the district court only heard argument about that at sentencing and held you've waived the argument. It's too little too late. Did the government file a brief in response? I don't believe the government conceded at that point, but I don't have that filing in front of me here. All right. But in any event, I think certainly by that point, the district court had a very solid foundation for finding waiver, in particular because of the affirmative decision not to pursue this argument at all after being specifically invited to do so. But also through the operation of Rule 12's waiver absent good cause or in the alternative plain error, which we discussed in our brief. Do we have any case – because I couldn't find this, too, and I sure could use some help because, again, it seems to me the defendant's only burden is to say venue is improper. It's not their job to tell you where to bring your case. And he was saying that. No one disputes that he was saying that, including Rule 12 and author trial and host trial. So when he didn't argue EDVA, when he didn't tell you where your case belonged, how did he waive his objection that it doesn't belong in D.C.? Well, first of all, I wish that I could provide Your Honor with a case directly on point. I haven't found a case where there were multiple legally distinct objections to venue and one was made and the other was not. That having been said, I think applying the general rules of waiver here makes perfect sense because the defendant was presented with a specific argument and declined to make it. But he was asked – the specific opportunity he was given was to argue that EDVA was right. Yes, I agree with that. I mean, why – you know a lot more about criminal trials than I do. Why does that defendant – I mean, what do you waive when it's – if he had said in response to that motion, I don't know where it belongs, but it does not belong here, would that have been a waiver? Well, it might depend on the basis for the objection. In this very case, instead of saying Southern District of Florida, he said, as I've said from day one, this case does not belong in D.C. I don't know where – I'm not going to tell the government where it should be. I think, although that would be a closer case, I think if he had said that in response to the district court's invitation on this record, that probably would also be a waiver because it was – Your waiver argument assumes that there's an obligation on the part of the defendant not just to object to venue, but to identify and argue why another place is proper venue. I mean, you could have a situation where there's just no venue in the United States. That's true. I don't understand if his argument was it's not my job to tell the government where to bring this that would be proper venue because I don't think it is. I don't think anyone thinks it is. Then as long as he was saying it's not D.C., why did he waive it by not saying where it should be? Well, two things, Your Honor. First, let me address waiver in the sense of an intentional relinquishment of a known right, and second, let me address the preservation of the issue more generally. So, first of all, with respect to waiver in the ZERB's sense of intentional relinquishment of a known right, I think the authority that we have available to us is pretty clear that when a defendant is specifically offered an argument and says no, thank you, that is intentional relinquishment of that argument. With respect to preservation more generally in terms of what a defendant Can I follow up on relinquishment? Oh, please. I want to make sure you get to make that point, too. Relinquished, what did he relinquish? The He still said not D.C. The right to make the argument specifically that Section 3238 required If he had no obligation to make that argument beyond saying D.C. is wrong, he didn't relinquish or waive anything. Well, I don't know that I would use the word obligation, but when a district court says, in effect, would you like to make this argument and the defendant makes a different one, I don't think there's any way to interpret that other than intentional relinquishment of that argument. And this court has come to a similar conclusion in other contexts that sentencing, for example, when a defendant declines to make an objection that's obvious on the record, that constitutes waiver. I mean, it seems to me that if the way it works is all the defendant has to do is object to D.C. And not have to specify which the right one is that let's just suppose that that's correct. Okay, then it still seems to me one can imagine a situation in which the defendant's decision on whether to raise that objection or to waive that objection depends on the answer to where it would go forward. So, I mean, the defendant can decide whether to waive or not. And it could be that the defendant raises the objection and says, I don't want to be D.C., but D.C. is the wrong venue. What's the right venue? I'm not saying. D.C. is the wrong venue. And then if there's a further elucidation of the issue, and then it turns out that the right venue is the EDVA, I think at that point the defendant can definitely say, well, if that's the right one, now I waive. I believe I agree with all that. Yes, I think if it becomes sort of crystallized on the record where it's clear what everyone is now talking about, this is the specific basis for the venue argument. Then at that point, I agree the defendant could certainly waive that particular basis for the venue argument. And is that the way you're conceptualizing what happened below, or are you conceptualizing it differently from that? I think I'm conceptualizing it very slightly differently. My conceptualization is throughout the trial, including pretrial, and the district court ignored the fact that it was slightly after the pretrial motions deadline, the defendant has been making one specific objection to venue. Venue is proper in the Southern District of Florida and not the District of Columbia for the following reasons, which evolved slightly but were basically consistent. At a later point, mid-trial, I think on November 20th, the district court said, there's a different basis for a venue objection that has occurred to me. What do you think? And at that point, the defendant doubled down on the Southern District of Florida. I understood your honors hypothetical to be more along the lines of a general umbrella venue argument and then a specific venue argument. As I read the record, we have one specific venue argument followed by a different specific venue argument. I guess I'm more asking if the upshot of the situation is what I had outlined in the hypothetical. Because it just seems to me that if in that hypothetical scenario, a waiver can happen, notwithstanding that, as has been pointed out, it has to be right. The burden is on the government. The government actually didn't. I mean, I don't doubt good faith at all, but it turns out that all the information that was before the government should have let the government understand that D.C. is not the place that this case should go forward.  Even if all that's true, it can still be waived. Yes. Venue can be waived. I agree with all of that, your honor. Then the question becomes, how do we conceptualize what happened below? Was there an affirmative waiver of the objection to D.C.? And I take it that the upshot of your submission, even though the particulars of exactly how it came about may vary, the upshot is, yes, there actually was an affirmative waiver of the objection to D.C. Not on the theory that the burden is on the defendant to show what the right thing to do is, but just as a waiver of the objection to being in D.C., once it becomes known that, oh, actually, it turns out the choice on the table either is EDVA or could be EDVA. You can even imagine a defendant saying, actually, if EDVA is even on the table, I withdraw my objection. Sure. I agree with all of that, your honor. I think the waiver, I might characterize it slightly more specifically as waiver of the argument that venue was proper specifically in the Eastern District of Virginia, and for that reason, not proper in the District of Columbia, but that may be splitting hairs. I agree with your honor's premise. I'm not sure it's splitting hairs at all. There's absolutely no, I don't think there's any argument below or any findings by the district court to suggest that he was making an intentional choice. Well, if I had to choose between EDVA and D.C., I'm staying in D.C. There's absolutely nothing about his mindset in the record at all, other than his mindset was not D.C. I'm telling you, I'm going to tell you again, I'm going to tell you thrice, not D.C. This is improper. This is legally improper. Sure. I agree with that, your honor, although I might add that I think what his mindset was during trial, and I understand my opposing counsel to agree, is not just we shouldn't be in D.C. It is we shouldn't be in D.C. because we should be in the Southern District of Florida. So I believe he was making a specific venue objection. I want to return just very briefly, if I may, to the second answer that I was going to give you, your honor.  Yeah. No, no, no. That's what we're here for. The other point that I wanted to make about preservation generally is that when this court deals with issue preservation specifically under Rule 12, although, as I mentioned, I haven't found cases where there are two different venue objections and one is made and one is not, this court does deal with this kind of circumstance under Rule 12 where, for example, one suppression argument is made and another is not. And this court has held that merely saying, I don't think there was probable cause for X, Y, and Z, or I make a particular suppression argument isn't enough to preserve the whole umbrella of suppression arguments. So I think, although— That's very different. I mean, the government doesn't have an affirmative obligation to come in and show that every single piece of evidence was collected in compliance with every relevant provision of the Constitution, right? That is something that the defendant has the burden to initiate the question, right? And if they don't, they don't. But that's different on venue. I think under Rule 12, the obligation to raise these issues pretrial is basically the same. So I agree that the— And it was raised pretrial. D.C. is wrong. Well, not the argument that he raises on appeal. But, yes, I agree with Your Honor that obviously venue and evidentiary issues have different nooks and crannies. But the basic Rule 12 analysis in terms of how to preserve an argument is the same. This court takes the same approach with sufficiency arguments. You can't just say the evidence was insufficient for a particular reason and preserve the whole umbrella of sufficiency arguments. So I think the logic here is identical. The basis for these two venue arguments are legally different. They're different applications of Section 3238. I thought there was actually a case law that if you make a general objection, post-government case, maybe again post-trial, it's insufficiency of evidence, so that preserves sub-arguments under that. Well, I think in the context of making a specific argument, that's not enough to preserve other specific arguments. And I think that's from, for example, United States v. Ferro. I think we're both confronted with a lack of case law situation of what he had to preserve. I wish we had more, Your Honor. But my general point, I think, is well-supported, which is that a specific argument doesn't preserve all other specific arguments. And that's basically how we— You're making the specific argument to be this should be Southern District of Florida as opposed to the specific argument. He made two specific arguments, not D.C., S.D., Florida. I suppose I would see those arguments as a single argument because as he consistently argued starting in his pretrial motion to dismiss, his argument about the Southern District of Florida and not the District of Columbia really was one and the same. There is no connection to the District of Columbia. He made the point that the destination of the cocaine importation was not the District of Columbia. It was Miami. So I understand that as it was repeatedly presented to the district court to be one unitary argument about venue being proper in Florida and not D.C. Let me ask you a question. My recollection is that when the district court pointed out that Virginia, the Virginia issue, the defendant didn't really think twice about it. He continued to write in his filings to the court that Zari was first brought to D.C. The response from the defendant to the district court's overture regarding Virginia in the filings at that moment was, no, Zari was brought into D.C. initially. Yes. Yes, that's right. There were a number of ways that he was rejecting. The district court was clearly putting it on the table and saying there's a potential venue issue here. And that was one of the things that he did. He said at one point in his filings, Zari was brought into D.C. Yes, I recall that, Your Honor. And I believe he also proposed a jury instruction that, if I'm not mistaken, would have directed the jury that Zari had been brought, quote, unquote, to D.C. So I agree with Your Honor. I don't think that he made the argument and, indeed, seemingly decided not to make the argument that the district court was presenting to him about the Eastern District of Virginia. Let me make sure I'm understanding the last thing from the thrust of your argument. Does the court have an obligation as the judge to put, when it becomes clear to the district court what's going on, have an obligation to put the case in the right venue? Well, I think it depends on the timing. I think because of the operation of Rule 12, if an argument like this could and should have been made prior to trial and wasn't absent good cause, Rule 12 directs courts not to correct these errors. And I think the district court correctly concluded on these facts that this argument about the Eastern District of Virginia had been waived. Unless the court has any questions about the speedy trial clause or juror inquiry issues, which, of course, I'm more than happy to address, we ask the court to affirm. Thank you, counsel. Thank you. Mr. Marines, we'll give you two minutes for a rebuttal. Sorry, Judge. Thank you. Again, thank you for your time. I would go back to the burden shifting that's happening where the government's conceding that they made mistakes, conceding that they didn't provide the proper information to the district court, conceding that Eastern District of Virginia was the right forum. But then continue to rely on Section 3238 as D.C. being the proper venue. And in doing so, they don't go through the entire steps to determine when a code offender was first brought. They continue to ignore that factor and rely heavily on the fact that there was some kind of a waiver after the fact. And I would argue there wasn't a waiver. The fact that Mr. Armante continued to argue against D.C. is all that is needed. There wasn't a need for him to highlight every venue. I just referred the opposing counsel to the response from the defendant was that the code defendant was brought first to D.C. So, I mean, he was doing everything to resist the overture that the proper venue is Virginia. And it is true the government may have the obligation and can be challenged on failure. That's the way these cases set up with respect to lots of matters. But there's a responsibility on the harmed party or offended party to raise the objection and to pursue it. And that's what we're talking about. And if your response is district court's telling you the government's conceding it. You have every indication now in a timely moment to say it shouldn't be here. So, you can say, yeah, the government was erroneous. We want to move it. And you don't take that opportunity. The law also says you lose. I understood. But I don't think that that was, in fact, what happened because he doesn't concede D.C. at any point. There was an annoying waiver and acceptance that the trial will continue in D.C. There was always an objection as to the venue. I don't believe it's the responsibility of the defendant to establish that it should then go to the Eastern District of Virginia. The government's burden is to establish the proper venue. And they acknowledge they did not do that. Throughout the process, trial counsel continuously objected to the venue argument. And continued to argue that the venue was improper in D.C. Now, you know, whether or not it could have been in the Southern District of Florida or whether or not it could have been in Eastern District of Virginia, it's not the burden of the defense to highlight the fact that they are not only waiving D.C. and acknowledging that the process should take place there, even though that the Eastern District of Virginia has become a proper place. And the fallback statute on 3238 does not – would concede to the fact that it should have been in Eastern District of Virginia. So I think having said that, it doesn't go back now to – the burden doesn't shift back to the defendant to say what other venues will be proper other than D.C. No other questions? Thank you, counsel. Thank you to both counsel. We'll take this case under submission. Thank you.
judges: Srinivasan; Millett; Edwards